IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELL C. BOOKER, M47921,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **ANTHONY WILLS,** | ) |
| **LATOYA HUGHES,** | ) |
| **PAIGE LONG,** | ) |
| **COUNSELOR LEWIS,** | ) Case No. 24-cv-2382-DWD |
| **JENNIFER ALVIS,** | ) |
| **KEVIN REICHERT,** | ) |
| **ILLINOIS DEPT. OF PUBLIC HEALTH,** | ) |
| **JOHN DOES 1,** | ) |
| **JANE DOES 1,** | ) |
| **JOHN DOES 2,** | ) |
| **JANE DOES 2,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Darell Booker, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff alleges that on October 12, 2023, he was served a breakfast tray that contained bugs, and none of the defendants have done anything to remedy the situation. On December 27, 2024, the Court dismissed the complaint as insufficient to state a claim for numerous reasons. On January 23, 2025, Plaintiff submitted a timely amended complaint. For reasons explained in this Order, the Amended Complaint is now dismissed with prejudice for failure to state a claim.

Plaintiff's Amended Complaint (Doc. 10) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

The narrative from Plaintiff's original complaint and an attached grievance exhibit are helpful to provide context for the Amended Complaint because the Amended Complaint does not contain a comprehensive narrative, and instead focuses on talking about each defendant's role in a disjointed fashion. In the original pleading, Plaintiff alleged that on October 12, 2023, Plaintiff he was served a breakfast tray in the N2 cellhouse that contained bugs. (Doc. 1 at 9). He faulted numerous unnamed members of the prison staff for their alleged roles in failing to catch or remedy the problem. (*Id.*). Plaintiff also alleged that he wrote a grievance, but Defendants Counselor Lewis, Jennifer Alvis, Kevin Reichert, Anthony Wills, and Paige Long failed to do anything about the incident. He specifically alleges "they never put me in therapy sessions, [he was] never seen [at] sick call, and [he] never was told how they was going to prevent this from happening." (Doc. 1 at 9). Plaintiff claims the Illinois Department of Public Health is also liable for the incident because they are responsible for ensuring IDOC is cleaned

appropriately. He explained that the John and Jane Doe groups of defendants were nurses and correctional officers who were present during the incident but offered no assistance.

The Court dismissed Plaintiff's complaint for a variety of reasons. Namely, the Illinois Department of Public Health was not a person subject to suit under § 1983, Defendant Hughes' involvement was not described in the complaint, the assertion that those who processed the grievance but failed to intervene was countered by grievance evidence that Plaintiff submitted showing otherwise, and Plaintiff did not adequately link the many unnamed parties to personal involvement with the bad trays. (Doc. 1 at 9).

In an attempt to remedy the identified infirmities, Plaintiff opted in his Amended Complaint to give a one paragraph explanation about each defendant's role, rather than giving a cohesive factual narrative about what occurred. He faults Defendants Wills (Warden) for failing to provide a safe environment, for signing off on all grievances, and for knowing about a fight between inmates and the tact team but failing to stop the alleged retaliation that occurred via the serving of contaminated trays. He faults Hughes (acting director of IDOC) for having a responsibility to provide a safe environment for inmates, and for signing off on grievances. He also faults Defendants Reichert, Long, Lewis and Alvis for their alleged roles in processing the grievance, including failing to take action or including possibly providing inaccurate information about medical services in a grievance response. (Doc. 10 at 9). He alleges John and Jane Does 1 were correctional officers on staff that night who should have checked the contents of the contaminated food trays before passing them out. (Doc. 10 at 10). He alleges the John

and Jane Does 2 are any kitchen supervisors or nurses that worked on the third shift on the day in question because they should have monitored the food preparation and should have offered medical services after the fact. (Doc. 1 at 10).

Plaintiff alleges that everyone identified should be held responsible because they were directly involved in the retaliatory act of serving the contaminated trays, and the tray caused him sustained migraines, stomach aches, nausea and vomiting. (Doc. 1 at 10-11).

## Analysis

As the Court previously explained, the Illinois Department of Public Health, this is an agency of the state, and agencies of the state are not "persons" for purposes of § 1983 liability. *See e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, the allegations against the Illinois Department of Public Health are dismissed with prejudice.

To the extent that Plaintiff is attempting to fault Defendants Wills and Hughes for overall supervision of the prison, his allegations are insufficient because § 1983 liability relies on personal responsibility for causing a discrete harm, and Plaintiff has not alleged anything to directly link these two to the single instance of contaminated food. At most, he claims they did not properly respond to the incident once raised in the grievance process, but as the Court previously pointed out, the alleged mishandling of a grievance

itself is insufficient to state a claim. *See e.g., Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of a grievance by those who did not cause or participate in the underlying conduct is insufficient to state a claim). This also negates the restated claims against Defendants Reichert, Long, Lewis and Alvis for their alleged roles in processing the grievance. Even if these individuals made factual mistakes in processing the grievances, they cannot be held liable unless they directly caused or participated in the underlying conduct. There is no suggestion they knew of or directed the contaminated trays before the fact, so Plaintiff cannot proceed against them.

As for Plaintiff's vague assertions that any correctional officer, kitchen worker, or nurse on the third shift should be held liable for failing to detect and remedy the problem, these assertions suggest negligence at most, and negligence is not enough to make out a constitutional claim. A single incident of a contaminated meal tray is simply not such a harmful or offensive condition that it amounts to a constitutional violation. Generally, "[o]ccasional instances of food or water contamination in prison will not support a claim of deliberate indifference to conditions of confinement under the Eighth Amendment." *Olrich v. Kenosha Cty.*, 2020 WL 1169959, at *3 (E.D. Wisc. Mar. 11, 2020) (*citing McRoy v. Aramark Correctional Servs., Inc.*, 268 F.App'x 479 (7th Cir. 2008) (no deliberate indifference where inmate was served undercooked chicken on one occasion, sour milk on six occasions, and spoiled sandwich meat on three occasions, where inmate was offered replacement items when available, and no further incidents occurred); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (concluding that one instance of food poisoning was insufficient to state conditions-of-confinement claim); *Hadley v. Dobucki*, 59 F.3d 173, 1995

WL 364225 (7th Cir. 1995) (occasional "foreign objects" such as aluminum foil in prison food did not state an Eighth Amendment claim)).

Here, the Court is convinced that Plaintiff's allegation that on a single occasion he was given food contaminated with bugs does "not rise to the level of a constitutional violation." *Jackson v. Lang*, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) ("one incident of finding rodent parts in a meal, though most unfortunate, does not" violated the Eighth Amendment). The incident was understandably disgusting, but many people encounter occasionally disgusting incidents with food, or even suffer food poisoning from dining out at any number of establishments. The by-product of being squeamish for a while, or of minor malaise like a headache, stomachache, or vomiting is not a harm of constitutional magnitude. *See e.g., Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (a lack of treatment for mild physical ailments does not violate the constitution).

Finally, the Court acknowledges that Plaintiff claims the incident was not a simple coincidence but was instead part of a concerted effort for staff to retaliate against other inmates who had caused a disturbance on the yard 48 hours prior to the contaminated trays being served. Regardless of the potential veracity of this assertion, Plaintiff has not alleged a plausible retaliation claim. To make out a claim of retaliation, an inmate must allege that he engaged in protected speech, he suffered a deprivation likely to deter First Amendment activity in the future, and the First Amendment activity was at least a motivating factor in the retaliation. *See e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff claims that the contaminated meal incident was done in retaliation after other inmates got into a fight on the yard and the tactical team had to respond.

Nothing about this series of events demonstrates that he personally engaged in protected speech, in fact he claims he had not role in the fight.  Additionally, backtalk or disruptive behavior is not protected, so he cannot even plausibly allege that fellow inmates engaged in protected speech.  *See e.g. Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected."); *Whitfield v. Spiller*, 76 F.4th 698, 708 (7th Cir. 2023) (an inmate's speech is not protected if it is disruptive and confrontational).  As such, Plaintiff's allegations are insufficient to establish a retaliation claim.

Based on the foregoing analysis, the Court concludes that Plaintiff's complaint is insufficient to state a claim.  The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed.  *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).  The Court afforded Plaintiff an opportunity to amend his complaint, but it is now convinced that there is no set of facts he could present related to this single incident of contaminated trays that would be sufficient to state a valid claim for the violation of his constitutional rights.  Therefore,

this case will be dismissed with prejudice for failure to state a claim, and this dismissal constitutes a strike under 28 U.S.C. § 1915(g).

## Disposition

Based on the foregoing analysis, the Court will **DISMISS** Plaintiff's entire complaint for failure to state a claim under 28 U.S.C. § 1915A. Plaintiff will not be given leave to amend.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: March 13, 2025                               /s *David W. Dugan*
                                                                    _____
                                                                    DAVID W. DUGAN
                                                                    United States District Judge